# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| | Case No: |
| JAMES D. COSTELLO, LIZA LOGAN ,ARON J. MOORE, MATTHEW PICCO, AURORA J. ROSENTINE,GLEN S. BATON, JEFFEREY ALLAN CALDWELL, JAMES R. FARRELL JR., JOURDEN JOHNSON, ROBERT E. KENNEY, PATRICIA LA FLORE, CONNIE M. LEATHERS, HERBERT J. LICHTENSTEIN, RICHARD A. MAIN, PHILLIP J. MARTINOS, KAREN J. OBEY, JAMES OULLETTE, RICHARD F. PAVAO, LAWRENCE JOSEPH SILIPIGNI JR., DUDLEY A. SMITH, DAVID STARR, ELIZABETH J. WADDEN,WILLAIM T. GOVER, PHILLIP J. MARTINOS, FRANK MORRIS,ARTHUR R. AMASH, THEODORE BIAGOIOTTI, CHRISTOPHER BREHAUT, MARGARET E. CRANE, JOSEPH G. FAHEY, SHERYL GLICKMAN, CHRISTIN M. HOLLOWAY,  MATTHEW C. JOHNSON, SHAUN H. KIMBALL, JOSEPH L. PANGOINE, JEFFEREY A. REPP, CHARLES R. SCHNEIDER, TERRANCE STEVENS, TIMOTHY M. VALDEZ, RICHARD A. YINGLING JR., ROBERT F. YUSKAUSKAS, MICHAEL C. ZAWADZKI,MYRNA GARCIA, ANTONIO RIVERA MELINDER, LUIS J. SOTO,JAMES D. COSTELLO, JOHN L. MARINE, ROBERT E. WOOLHOUSE, RICHARD A. BESSETTE, MARK P. GENATEMPO | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |
|                               Plaintiffs, | |
|          v. | |
| THE HOME DEPOT, INC. | |
|                         Defendant. | JUNE 14, 2011 |

Plaintiffs James D. Costello, Liza Logan ,Aron J. Moore, Matthew Picco, Aurora J.

Rosentine, Glen S. Baton, Jefferey Allan Caldwell, James R. Farrell Jr., Jourden Johnson, Robert

E. Kenney, Patricia La Flore, Connie M. Leathers, Herbert J. Lichtenstein, Richard A. Main,

1

Phillip J. Martinos, Karen J. Obey, James Oullette, Richard F. Pavao, Lawrence Joseph Silipigni

Jr., Dudley A. Smith, David Starr, Elizabeth J. Wadden,Willaim T. Gover, Phillip J. Martinos,

Frank Morris, Arthur R. Amash, Theodore Biagoiotti, Christopher Brehaut, Margaret E. Crane,

Joseph G. Fahey, Sheryl Glickman, Christin M. Holloway,  Matthew C. Johnson, Shaun H.

Kimball, Joseph L. Pangoine, Jefferey A. Repp, Charles R. Schneider, Terrance Stevens,

Timothy M. Valdez, Richard A. Yingling Jr., Robert F. Yuskauskas, Michael C.

Zawadzki,Myrna Garcia, Antonio Rivera Melinder, Luis J. Soto,James D. Costello, John L.

Marine, Robert E. Woolhouse , Richard A. Bessette, Mark P. Genatempo (collectively the

"Plaintiffs"), each bring a complaint against The Home Depot, Inc. ("Home Depot" or

"Defendant"), and allege as follows:

## **PRIOR LITIGATION**

1.  Each Plaintiff originally opted into the case stylized *Aquilino et al. v. The Home Depot,*

*Inc.*, 04-cv-4100, which is currently pending in the District Court of New Jersey before Judge

Sheridan. *Aquilino* asserts claims under the FLSA, 29 U.S.C.  §201 *et seq.* By filing consents to

join the statute of limitations were tolled on Plaintiffs' claims and have remained tolled by order

of the District Court of New Jersey until June 15, 2011.

2.  On May 2, 2011, Judge Sheridan entered an Order dismissing without prejudice the opt in

plaintiffs in *Aquilino* further holding  that the tolling of the statute of limitations of the opt-in

plaintiffs' claims conclude and such statute continue to run for each plaintiff for its unexpired

portion on June 15, 2011.

3.  Plaintiffs now bring this action pursuant to FLSA, 29 U.S.C. § 201 *et seq.* and  to remedy

Home Depot's violations of the wage and hour provisions of the FLSA which as deprived

Plaintiffs of lawful wages.

4. Certain Plaintiffs also brings claims under applicable state wage and hour laws.

5. Specifically, Plaintiffs seek to recover unpaid overtime compensation owed to them pursuant to FLSA and state laws for all hours worked over 40 hours.  Each Plaintiff is entitled to such overtime compensation for all hours worked over 40 hours per week for the time period of at least three years prior to the time the Plaintiff consented to Join *Aquilino*.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and under section 216(b) of the FLSA, 29 U.S.C. § 216(b).

7. This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between the parties.

8. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## PARTIES

**Connecticut Employed Plaintiffs**

9. Plaintiff James D. Costello is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Costtello's primary duties consisted of non-managerial tasks of manual labor and customer service.

10. Plaintiff Aron J. Moore is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Moore's primary duties consisted of non-managerial tasks of manual labor and customer service.

11.     Plaintiff Matthew Picco is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Picco's primary duties consisted of non-managerial tasks of manual labor and customer service.

12.     Plaintiff Aurora J. Rosentine is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Rosentine's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Massachusetts Employed Plaintiffs**

13.     Plaintiff Glen S. Baton is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Baton's primary duties consisted of non-managerial tasks of manual labor and customer service.

14.     Plaintiff Jefferey Allan Caldwell is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Caldwell's primary duties consisted of non-managerial tasks of manual labor and customer service.

15.     Plaintiff James R. Farrell Jr. is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Farrell's, primary duties consisted of non-managerial tasks of manual labor and customer service.

16.     Plaintiff Jourden Johnson is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Johnson's, primary duties consisted of non-managerial tasks of manual labor and customer service.

17.     Plaintiff Robert E. Kenney is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Kenney's, primary duties consisted of non-managerial tasks of manual labor and customer service.

18.     Plaintiff Patricia La Flore is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff La Flore's, primary duties consisted of non-managerial tasks of manual labor and customer service.

19.     Plaintiff Connie M. Leathers is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Leathers' primary duties consisted of non-managerial tasks of manual labor and customer service.

20.     Plaintiff Herbert J. Lichtenstein is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff

Lichtenstein's, primary duties consisted of non-managerial tasks of manual labor and customer service.

21.      Plaintiff Richard A. Main is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Main's, primary duties consisted of non-managerial tasks of manual labor and customer service.

22.      Plaintiff Phillip J. Martinos is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Martinos' primary duties consisted of non-managerial tasks of manual labor and customer service.

23.      Plaintiff Karen J. Obey is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Obey's primary duties consisted of non-managerial tasks of manual labor and customer service.

24.      Plaintiff James Oullette's is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Oullette's primary duties consisted of non-managerial tasks of manual labor and customer service.

25.      Plaintiff Richard F. Pavao is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

6

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Pavao's primary duties consisted of non-managerial tasks of manual labor and customer service.

26.     Plaintiff Lawrence Joseph Silipigni Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Silipigni's primary duties consisted of non-managerial tasks of manual labor and customer service.

27.     Plaintiff Dudley A. Smith is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Smith's primary duties consisted of non-managerial tasks of manual labor and customer service.

28.     Plaintiff David Starr is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Starr's primary duties consisted of non-managerial tasks of manual labor and customer service.

29.     Plaintiff Elizabeth J. Wadden is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Wadden's primary duties consisted of non-managerial tasks of manual labor and customer service.

**New Hampshire Employed Plaintiffs**

30.     Plaintiff Willaim T. Gover is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

7

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Gover's primary duties consisted of non-managerial tasks of manual labor and customer service.

31.     Plaintiff Phillip J. Martinos is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Martinos' primary duties consisted of non-managerial tasks of manual labor and customer service.

32.     Plaintiff Frank Morris is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Morris' primary duties consisted of non-managerial tasks of manual labor and customer service.

**New York Employed Plaintiffs**

33.     Plaintiff Arthur R. Amash is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Amash's primary duties consisted of non-managerial tasks of manual labor and customer service.

34.     Plaintiff Theodore Biagoiotti is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Biagoiotti's primary duties consisted of non-managerial tasks of manual labor and customer service.

35.     Plaintiff Christopher Brehaut is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and

was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Brehaut's primary duties consisted of non-managerial tasks of manual labor and customer service.

36.     Plaintiff Margaret E. Crane is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Crane's primary duties consisted of non-managerial tasks of manual labor and customer service.

37.     Plaintiff Joseph G. Fahey is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Fahey's primary duties consisted of non-managerial tasks of manual labor and customer service.

38.     Plaintiff Sheryl Glickman is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Glickman's primary duties consisted of non-managerial tasks of manual labor and customer service.

39.     Plaintiff Christin M. Holloway is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Holloway's primary duties consisted of non-managerial tasks of manual labor and customer service.

40.     Plaintiff Matthew C. Johnson is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Johnson's primary duties consisted of non-managerial tasks of manual labor and customer service.

42. Plaintiff Shaun H. Kimball is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Kimball's primary duties consisted of non-managerial tasks of manual labor and customer service.

42. Plaintiff Joseph L. Pangoine is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Pangoine's primary duties consisted of non-managerial tasks of manual labor and customer service.

43. Plaintiff Jefferey A. Repp is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Repp's primary duties consisted of non-managerial tasks of manual labor and customer service.

44. Plaintiff Charles R. Schneider is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Schneider's primary duties consisted of non-managerial tasks of manual labor and customer service.

45.     Plaintiff Terrance Stevens is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Stevens' primary duties consisted of non-managerial tasks of manual labor and customer service.

46.     Plaintiff Timothy M. Valdez is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Valdez's primary duties consisted of non-managerial tasks of manual labor and customer service.

47.     Plaintiff Richard A. Yingling Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Yingling's primary duties consisted of non-managerial tasks of manual labor and customer service.

48.     Plaintiff Robert F. Yuskauskas is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Yuskauskas' primary duties consisted of non-managerial tasks of manual labor and customer service.

49.     Plaintiff Michael C. Zawadzki is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Zawadzki's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Puerto Rico Employed Plaintiffs**

50.        Plaintiff Myrna Garcia is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Garcia's primary duties consisted of non-managerial tasks of manual labor and customer service.

51.        Plaintiff Antonio Rivera Melinder is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Melinder's primary duties consisted of non-managerial tasks of manual labor and customer service.

52.        Plaintiff Luis J. Soto is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Soto'sprimary duties consisted of non-managerial tasks of manual labor and customer service.

**Rhode Island Employed Plaintiffs**

53.        Plaintiff James D. Costello is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Costello's primary duties consisted of non-managerial tasks of manual labor and customer service.

54.        Plaintiff John L. Marine is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Marine's primary duties consisted of non-managerial tasks of manual labor and customer service.

55.     Plaintiff Robert E. Woolhouse is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Woolhouse's primary duties consisted of non-managerial tasks of manual labor and customer service.

## Vermont Employed Plaintiffs

56.     Plaintiff Richard A. Bessette is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Besste's primary duties consisted of non-managerial tasks of manual labor and customer service.

57.     Plaintiff Mark P. Genatempo is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Genatempo's  primary duties consisted of non-managerial tasks of manual labor and customer service.

## Defendant Home Depot

58.     Defendant Home Depot is a Delaware corporation with its principal executive offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia.  Home Depot is the world's largest home improvement retailer and second largest retailer in the United States.  It owns and operates nearly 1,800 retail stores throughout the United States including Connecticut, Massachusetts, New Hampshire, New York, Rhode Island, Puerto Rico, and Vermont.

## SUBSTANTIVE ALLEGATIONS FOR EACH PLAINTIFF

59.     Defendant Home Depot, owns and operates approximately1,800 home improvement retail stores located throughout the United States, including Connecticut, Massachusetts, New Hampshire, New York, Rhode Island, Puerto Rico, and Vermont and employs tens of thousands of workers in these stores, including Merchandizing Assistant Store Managers ("MASMs").

### A.  Plaintiffs' Primary Duties were/are Non-Managerial

60.     Home Depot stores generally have the following employees working in each store: Store Manager(s), Assistant Store Managers, including MASMs, Department Heads/Supervisors, and Sales Associates.  Some Home Depot stores also have Human Resource Managers that are involved in the stores hiring, firing and employee scheduling.

61.     Department Heads/Supervisors are hourly associates who are paid at an hourly rate and are entitled to overtime pay if they work over 40 hours per week.

62.     Department Heads/Supervisors can and do perform and are expected to perform many of the "managerial" type tasks that MASMs are expected to perform.

63.     As MASMs, Plaintiffs were required to perform both managerial and non-managerial duties, but Plaintiffs spent the majority of their time on their non-managerial duties. Indeed, Home Depot expected Plaintiffs to prioritize their non-managerial duties over their managerial duties.

64.      Plaintiffs' primary duties as MASMs were non-managerial tasks including such tasks as packing and unpacking freight; setting product; cleaning bathrooms and the store; picking up garbage and taking the garage out; pushing shopping carts and returning shopping carts from the parking lot to inside the store; running registers; receiving trucks; building

displays; cutting wood; painting displays; fixing tools; labeling product in overhead; and loading customers' cars ("tasking"). When Plaintiffs were not tasking and were on the floor, Plaintiffs spent the majority of their time providing customer service.

65.     As MASMs, Plaintiffs regularly and routinely worked in excess of 40 hours per week.

66.     One of the requirements of the MASM position was to work a minimum 55 hours per week, which generally broke down into 5 day 11 hour work weeks. Plaintiffs frequently and regularly worked beyond the minimum 55 hours per week.

67.     By the conduct described in this Complaint, Home Depot has violated the Fair Labor Standards Act ("FLSA") and applicable state laws by failing to pay Plaintiffs proper overtime wages as required by law.

68.     Under both federal and state wage laws they are each entitled to be paid for all hours worked over 40 hours per week. While Plaintiffs were employed by Home Depot as MASMs, Home Depot required that they work in excess of 40 hours per week without paying them 1.5 times their regular rate of pay.

69.     Home Depot had a pattern and practice of deliberately misclassifying Plaintiffs as "exempt" employees for the purpose of federal and state overtime law in order to save money in employee compensation.

B.  **Home Depot's Unlawful Conduct Was and Is Willful**

70.     Throughout the relevant time period, Home Depot's policy was to deprive its MASMs of earned overtime compensation. In order to avoid paying MASMs overtime compensation for all hours that they worked in excess of 40 in a workweek, Home Depot uniformly misclassified them as "executives," exempt from federal and state overtime protections.

71.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and state wage and hours laws.  This policy and pattern or practice includes but is not limited to:

 a.  Willfully failing to keep records of all the time that MASMs have worked for Defendant's Benefit;

 b.  Willfully failing to keep accurate payroll records as required by the FLSA and state wage and hour laws;

 c.  Willfully misclassifying Plaintiffs as MASMs as exempt from the requirements of the FLSA; and

 d.  Willfully failing to pay Plaintiffs as MASMs, overtime wages for all hours that they worked in excess of 40 hours per week.

72.     Upon information and belief, Home Depot's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating FLSA and state wage and hour laws.

73.     Upon information and belief, Home Depot was or should have been aware that state and federal laws required it to pay overtime compensation for hours worked in excess of 40 per week to MASMs such as Plaintiffs who primarily perform non-exempt duties.

74.     Upon information and belief, Home Depot was aware or should have been aware, that as MASMs, these Plaintiffs (a) primarily performed non-exempt work such as manual labor ("tasking") and customer service; (b) wielded little or no discretion in the performance of their duties; (c) spent very little time performing managerial type tasks; (d) and what little managerial tasks they did have, could and were done by hourly associates.

75.     Upon information and belief, despite Plaintiffs' actual and expected job duties, Home Depot uniformly designated and classified the MASM position, and therefore Plaintiffs as "managerial" employees in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due to Plaintiffs.

76.     Home Depot's failure to pay Plaintiffs overtime wages for their work in excess of 40 hours per week was willful.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
### By Each Plaintiff

77.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78.     At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

79.     Home Depot was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

80.     At all times relevant, Plaintiffs were or have been employees of Home Depot within the meaning of 29 U.S.C. §§203(e) and 207(a).

81.     Home Depot failed to pay Plaintiffs the overtime wages to which they are entitled to under the FLSA.

82.     Home Depot failed to keep accurate records of the time worked by each Plaintiff.

83.     Home Depot's violations of the FLSA, as described in this Complaint, have been willful and intentional.

84.     Home Depot failed to make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

85.     Because Home Depot's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

86.     As a result of Home Depot's violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### Conn. Gen. Stat. §§ 31-58 *et seq.* and the Supporting Connecticut Department of Labor Regulations Conn. Agencies Reg. § 31-60-1 *et seq.* on Behalf of the Connecticut Plaintiffs

87.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 9-12, 58-86.

88.     Home Depot engaged in a widespread pattern, policy, practice of violating the Connecticut.

18

89.     Home Depot's violations of the Connecticut labor laws and regulations as described in this Complaint have been willful and intentional.

90.     At all times relevant, the Connecticut Plaintiffs were employees and Home Depot was an employee within the meaning of Connecticut's labor laws.

91.     Home Depot employed the Connecticut Plaintiffs as an employer in Connecticut within the meaning of the term "employ[s]" in Connecticut's labor law.

92.     The Connecticut Plaintiffs were "employees" within the meaning of the term "employee[s]" in the Connecticut labor laws.

93.     The overtime wage provisions of Connecticut labor laws, Gen. Stat. Ann. §31-76(c) and its supporting regulations apply to Home Depot and protect the Connecticut Plaintiffs.

94.     Home Depot failed to pay the Connecticut Plaintiffs the overtime wages to which they are entitled under Connecticut labor laws, Gen. Stat. Ann. §31-76(c).

95.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Connecticut Plaintiffs and failed to furnish each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

96.     By Home Depot's knowing or intentional failure to pay the Connecticut Plaintiffs overtime wages for hours worked in excess of 40 hours per week, it has willfully violated Connecticut labor laws, Gen. Stat. Ann. §31-76(c).

97.     128.    Due to Home Depot's violations of Gen. Stat. Ann. §31-76(c) the Connecticut Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, twice the amount of overtime wages owed, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**

**Mass. Ann. Laws ch. 151, §1A; Mass. Ann. Laws ch. 136, § 6(50); Mass. Regs. Code tit. 455, § 203(3) on behalf of the Massachusetts Plaintiffs**

98.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 13-29, 58-86.

99.     Home Depot engaged in a widespread pattern, policy, and practice of violating the Massachusetts' overtime laws.

100.     At all times relevant the Massachusetts Plaintiffs were or are employees and Home Depot has been an employer within the meaning of Massachusetts's overtime laws.  The Massachusetts Plaintiffs are covered by Massachusetts overtime laws.

101.     Home Depot failed to pay the Massachusetts Plaintiffs overtime wages to which they were entitled under Mass. Ann. Laws ch. 151, §1A; Mass. Ann. Laws ch. 136, § 6(50); Mass. Regs. Code tit. 455, § 203(3).  Home Depot failed to pay the Massachusetts Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

102.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Massachusetts Plaintiffs.

103.     Home Depot's violations of Massachusetts overtime laws, as described in this Complaint have been willful and intentional.

104.     Due to Home Depot's violations of Massachusetts overtime laws, the Massachusetts Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, treble damages, as liquidated damages, for lost overtime compensation and costs of the litigation as well as reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
### N.H. Rev. Stat. Ann. §§279.1 *et seq.* on Behalf of the New Hampshire

105.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 30-32, 58-86.

106.     Home Depot engaged in a widespread pattern, policy, and practice of violating New Hampshire's overtime laws.

107.     At all times relevant the New Hampshire Plaintiffs were or are employees and Home Depot has been an employer within the meaning of New Hampshire's overtime laws.  The New Hampshire Plaintiffs are covered by New Hampshire's overtime laws.

108.     Home Depot failed to pay the New Hampshire Plaintiffs overtime wages to which they were entitled under N.H. Rev. Stat. Ann. §§279.21. Home Depot failed to pay the New Hampshire Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

109.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Hampshire Plaintiffs.

110.     Home Depot's violations of New Hampshire's overtime laws, as described in this Complaint have been willful and intentional.

111.     Due to Home Depot's violations of New Hampshire's overtime laws, the New Hampshire Plaintiffs are entitled to recover from Defendant their unpaid overtime wages as well as costs of the litigation and reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
**New York Labor Law Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 On Behalf of the New York Plaintiffs**

112.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 33-49, 58-86.

113.     Home Depot engaged in a widespread pattern, policy, and practice of violating the NYLL.

114.     At all times relevant the New York Plaintiffs were or are employees and Home Depot has been an employer within the meaning of the NYLL.  The New York Plaintiffs are covered by the NYLL.

115.     Home Depot failed to pay the New York Plaintiffs overtime wages to which they were entitled under NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.  Home Depot failed to pay Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.  Home Depot failed to pay the New York Plaintiffs overtime at wage rate of one and one-half times the basic minimum hourly rate.

116.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiffs.

117.     Home Depot's violations of the NYLL, as described in this Complaint have been willful and intentional.

118.     Due to Home Depot's violations of the NYLL, the New York Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### P.R. Laws Ann. Tit. 29, § 271 *et seq.* on Behalf of the Puerto Rico Plaintiffs

119.　　Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 50-52, 58-86.

120.　　Home Depot engaged in a widespread pattern, policy, and practice of violating Puerto Rico's overtime laws.

121.　　At all times relevant the Puerto Rico Plaintiffs were or are employees and Home Depot has been an employer within the meaning of Puerto Rico's overtime laws.  The Puerto Rico Plaintiffs are covered by Puerto Rico's overtime laws.

122.　　Home Depot failed to pay the Puerto Rico Plaintiffs overtime wages to which they were entitled under P.R. Laws Ann. Tit. 29, §274 for the "extra hours" that they worked. Home Depot failed to pay the Puerto Rico Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

123.　　Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Puerto Rico Plaintiffs.

124.　　Home Depot's violations of Puerto Rico's overtime laws, as described in this Complaint have been willful and intentional.

125.　　Due to Home Depot's violations of Puerto Rico's overtime laws, the Puerto Rico Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, plus an amount equal to that which has not been paid to him/her as additional compensation, plus costs interest, expenses and attorney's fees.

## SEVENTH CAUSE OF ACTION

**Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1 *et seq.,* R.I. Gen. Laws § 5-32-2 and supporting Rhode Island Department of Labor Regulations on Behalf of the Rhode Island Plaintiffs**

126.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 53-55, 58-86.

127.     Home Depot engaged in a widespread pattern, policy, and practice of violating Rhode Island's overtime laws.

128.     At all times relevant the Rhode Island Plaintiffs were or are employees and Home Depot has been an employer within the meaning of Rhode Island's overtime laws.  The Rhode Island Plaintiffs are covered by Rhode Island's overtime laws.

129.     Home Depot failed to pay the Rhode Island Plaintiffs overtime wages to which they were entitled under Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-4.1 and R.I. Gen. Laws § 5-32-2.  Home Depot failed to pay the Rhode Island Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

130.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Rhode Island Plaintiffs.

131.     Home Depot's violations of Rhode Island's overtime laws, as described in this Complaint have been willful and intentional.

132.     Due to Home Depot's violations of Rhode Island's overtime laws, the Rhode Island Plaintiffs are entitled to recover from Defendant their unpaid overtime wages as well as costs of the litigation and reasonable attorney's fees.

**EIGHTH CAUSE OF ACTION**

**Vt. Stat. Ann. tit. 21, 384(b); Wage Order No. 1; Vt. Code R. 24-090-001 on Behalf of the Vermont Plaintiffs**

133.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 56-86.

134.     Home Depot engaged in a widespread pattern, policy, and practice of violating Vermont's overtime laws.

135.     At all times relevant the Vermont Plaintiffs were or are employees and Home Depot has been an employer within the meaning of Vermont's overtime laws.  The Vermont Plaintiffs are covered by Vermont's overtime laws.

136.     Home Depot failed to pay the Vermont Plaintiffs overtime wages to which they were entitled under Vt. Stat. Ann. tit. 21, 384(b); Wage Order No. 1**,** and Vt. Code R. 24-090-001.  Home Depot failed to pay the Vermont Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

137.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Vermont Plaintiffs.

138.     Home Depot's violations of Vermont's overtime laws, as described in this Complaint have been willful and intentional.

139.     Due to Home Depot's violations of Vermont's overtime laws, the Vermont Plaintiffs are entitled to recover from Defendant their unpaid overtime wages as well as costs of the litigation and reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A.      Award each Plaintiff unpaid wages due under the FLSA calculated at a rate of one-and-one half times his or her regular rate of pay;

B.      An additional amount and equal award to each Plaintiff as liquidated damages under FLSA;

C.      Award each Plaintiff punitive damages, liquidated damages and/or other statutory penalties where available under state law;

D.      Award each Plaintiff pre-judgment and post-judgment interest as provided by law;

E.      Award each Plaintiff the costs of this suit together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiffs demand trial by jury as to all issues in the above

matter.

Dated: June 14, 2011

By: /s/ Wayne T. Boulton

**IZARD NOBEL LLP**
Robert A. Izard (CT 01601)
Wayne T. Boulton (CT 20648)
29 South Main Street, Suite 215
West Hartford, Connecticut06107
Tel:     (800) 797- 5499
Fax:     (860) 493-6290
Email:  rizard@izardnobel.com
Email:  wboulton@izardnobel.com

Olimpio Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street
12th Floor
New York, New York 10022
Tel:     212-421-6492
Fax:     212-421-6553
Email:  lee@sfclasslaw.com
Email:  Caitlin@sfclasslaw.com

*Attorneys for Plaintiffs*

27