UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES D. COSTELLO, ET AL, | Case No. 11-cv-00953  (JCH) |
| Plaintiffs, | |
| v. | |
| HOME DEPOT U.S.A., INC., | |
| Defendant. | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs James D. Costello and Aron Moore (collectively "Plaintiffs") and defendant Home Depot U.S.A., Inc. seek approval of their agreement to settle plaintiffs' claims under the Fair Labor Standards Act ("FLSA").  Since this is a settlement of FLSA claims, the settlement must be approved by the Court.  *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216(b)); *Aros v. United Rentals, Inc.*, 3:10-CV-73 JCH, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012) ("FLSA settlements generally require judicial approval to be effective, because private settlements will not effectuate a valid release.") (citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 703–04 (1945)).  To ensure that their settlement is enforceable, the parties jointly present the agreements for the Court's review and approval, however Home Depot will be

filing those agreements separately with their motion to seal for confidentiality purposes.

I.      BACKGROUND

Plaintiffs are former employees of Home Depot.  On December 23, 2006, plaintiff Moore filed a consent form to join *Aquilino v. Home Depot U.S.A., Inc.*, No. 04-cv-04100 (D.N.J.), an FLSA collective action.  On January 2, 2007, plaintiff Costello filed a consent form to join *Aquilino*.  On February 15, 2011 the district court decertified *Aquilino*, which had previously been conditionally certified as a collective action.

On June 14, 2011, plaintiffs' counsel filed the instant action in this Court on behalf of 49 named plaintiffs[1], alleging that Home Depot improperly classified them as exempt from FLSA overtime requirements.  (Dkt. 1).  Home Depot denied that any of the named plaintiffs, including plaintiffs, was improperly classified. (Dkt. 46).  During the litigation the parties engaged in substantial motion practice, including three summary judgment motions (*See e.g*., Dkts. 90, 93, 98) and the Court entered opinions on each of those motions.  (Dkt.120, 129).

On July 11, 2013, the parties participated in a mediation facilitated by United States Magistrate Judge Fitzsimmons and were able to make substantial progress at that mediation.  Through the supervision of Judge Fitzsimmons, the

---

[1] Plaintiffs Moore and Costello are the only remaining plaintiffs in this action. The 47 other plaintiffs were voluntarily dismissed or transferred to another venue by Court order.

parties reached a settlement agreement on July 22, 2013. Plaintiffs and Home Depot have executed a settlement agreement and general release for each Plaintiff, which are being filed separately under seal with the Court.

The agreements resolve each plaintiff's individual FLSA claims and other claims that they could have made relating to their alleged misclassification and/or employment, up to and including the date plaintiffs executed the agreement.

## II.    THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENTS

A district court may approve an FLSA settlement between private litigants when the settlement is "reached as a result of contested litigation to resolve *bona fide* disputes." *Dixon v. Zabka*, 3:11-cv-982, 2013 WL 2391473, *2 (D. Conn. May 23, 2013) (citations omitted). The adversarial nature of a litigated FLSA case is an adequate indicator of the fairness of the settlement. *Aros*, 2012 WL 3060470, at *2 (citing *Lynn's Food Stores,* 679 F.2d at 1353–54 (11th Cir.1982)). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id*.

The settlements here are fair and reasonable. The FLSA settlements in this case were the result of contested litigation involving substantial discovery, motion practice and arm's-length negotiations conducted by experienced counsel and facilitated by a United States Magistrate Judge.

In reaching agreement, the parties have taken into account the uncertainty and risks in litigation, as well as the costs that each party will incur if litigation of plaintiffs' claims continues.  They have concluded that it is in their mutual interest to resolve the litigation of plaintiffs' claims in the manner set forth in the attached agreements.  Plaintiffs have considered the potential value of their claims and concluded that the proposed settlement provides a fair and reasonable resolution of their claims.  Defendant supports this result because it eliminates the uncertainties and risks of further litigation.

III.   <u>CONCLUSION</u>

Therefore, the parities jointly request that the Court approve the settlement agreements as fair and reasonable and enter an order dismissing plaintiffs' claims with prejudice.

Dated:        August 14, 2013          Respectfully submitted,

/s/ Caitlin Duffy                              /s/ David S. Poppick
Olimpio Lee Squitieri (pro hac vice)   David S. Poppick
Caitlin Duffy (pro hac vice)            Kathryn Elizabeth White
Squitieri & Fearon, LLP                 Epstein Becker & Green P.C.
32 East 57th Street, 12th Floor         One Landmark Square, Suite 1800
New York, New York 10022                Stamford, Connecticut 06901-2681
Tel: (212) 421-6492                     Tel: (203) 348-3737
Fax: (212) 421 – 6553                   Fax: (203) 326-7587
lee@sfclasslaw.com                      dpoppick@ebglaw.com
caitlin@sfclasslaw.com                  kwhite@ebglaw.com

Robert A. Izard (CT 01601)
Mark P. Kindall (CT 13797)
Izard Nobel LLP
20 South Main Street, Suite 215
West Hartford, Connecticut 06107
Telephone: (800) 797-5499
Fax: (860) 493-6290
rizard@izardnobel.com
firm@izardnobel.com

*Attorneys for Plaintiffs*

Joel E. Cohn
Akin Gump Strauss Hauer & Feld LLP
133 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Tel.:  202-887-4000
Fax:  202-887-4288
jcohn@akingump.com


Patrick G. Brady
Epstein Becker & Green P.C.
One Gateway Center
Newark, New Jersey 07102-5311
Tel:  973-639-8261
Fax:  973-639-8556
pbrady@ebglaw.com

*Attorneys for Defendant Home Depot U.S.A., Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of August, 2013, a true and correct copy of the foregoing was filed with the Court via its ECF system which served a copy upon all counsel of records.

/s/Caitlin Duffy
Caitlin Duffy