UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JAMES D. COSTELLO, ET AL. | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:11-CV-00953 (JCH) |
| | : | |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., INC., | : | SEPTEMBER 11, 2013 |
| Defendant. | : | |
| | : | |

**RULING RE: DEFENDANT'S MOTION FOR LEAVE TO SUBMIT SETTLEMENT AGREEMENTS FOR <u>IN CAMERA</u> INSPECTION (DOC. NO. 142)**

The defendant's Motion for Leave to Submit Settlement Agreements for <u>In Camera</u> Inspection (Doc. No. 142) is denied for failure to state good cause. After receipt of the Motion, the court scheduled a telephone conference and invited the parties to provide the court with a basis for sealing the settlement agreement that has been reached between the plaintiffs and the defendant.

The issue of sealing settlements is a matter of debate. However, in the context of Fair Labor Standards Act ("FLSA") claims, settlements are "different." <u>Hens v. Clientlogic Operating Corp.</u>, No. 05-cv-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010). Congress has provided, by law, a limit on the available avenues of settlements that are judicially approved. 29 U.S.C. § 216(b)-(c). Congress' action in this respect overrides any general judicial policy in favor of settlement.

Counsel for defendant cited the court to three cases, <u>Suda v. Susshiden Corp.</u>, No. 10-civ-5692, 2011 WL 1210206 (S.D.N.Y. Mar. 23, 2011); <u>Medley v. American Cancer Society</u>, No. 10-civ-3214, 2010 WL 3000028 (S.D.N.Y. July 23, 2010); and <u>Cano v. Four M. Food Corp.</u>, No. 06-cv-0799, 2009 WL 8747347 (E.D.N.Y. Sept. 10,

2009).[1]  Each of these three rulings, rather in the nature of short orders, permitted the filing of the settlement agreements under seal.  Neither the Cano or Medley decisions address the question of whether settlements of FLSA claims should be filed under seal.  The Suda ruling conclusively acknowledges there is a presumption of access, that is, of not sealing settlements, but finds that there is "a sufficient showing" that the amount of the settlement payments be redacted from the agreement that is publicly filed. Suda, 2011 WL 1210206 at *1.  Unfortunately, none of these cases address the substantive issue of under what particular circumstances the general doctrine of public access to the courts--coupled with Congress' specific requirement that FLSA settlements be approved by the court--could yield and justify sealing.  See generally U.S. v. Amodeo, 71 F.3d 1044, 1050-53 (2d Cir. 1995).  Another decision in the Southern District of New York, Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643 (S.D.N.Y. 2011), sets forth a reasoned analysis for sealing FLSA settlements.  In the Joo case, the court noted that it was unable to find any case that considered the question and holds that the presumption of public access "does not attach to FLSA settlement." Id at 646.  The Joo court concluded by stating that it "joined the overwhelming consensus of district courts" that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.

    The only basis put forth by the defendant in this case--as to why the settlement agreement should be sealed and not available to the public--is that its decision to settle with these plaintiffs and to pay the sums that it has agreed to pay are a reflection of this

---

[1] Defendants also cited to a decision by this court in Tedesco v. Bank of America, No. 3:07cv1640 (D. Conn. June 2, 2011) in which the court granted a motion to seal to redact from public access the names of the plaintiffs and the amounts of money they were receiving in settlement.  In contrast to this FLSA case, the Tedesco case involved the settlement of ERISA claims.

2

court's rulings on how damages would be calculated were the plaintiffs to prevail at trial, balanced also with the costs of litigating this issue.  This rational seems woefully inadequate to justify the sealing of the settlement.  In dealing with employees in any other similar litigation, defendants can explain their reason and justification for the settlement in the case.  It is this court's conclusion that this reason falls far short of counteracting the presumption of public access, particularly in this area where Congress has required court approval of settlements.  The court is hard pressed to understand how the public can judge the reasonableness and the fairness of this court's decision were it to approve or deny the settlement, as required by Congress, if the public does not know what the settlement is.

Therefore, the court denies the defendant's motion to file under seal.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 11th day of September, 2013.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge